**No. ——**

**First Circuit**

---

**SHIELDS v. LEESVILLE**

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 724.

Where the record is incomplete, not showing that citation of appeal or petition

or order of appeal were served on the appellee, the case will be remanded for the record to be completed or citation made if not made before.

Appeal from the District Court, Parish of Vernon. Hon. Hal A. Burgess, Judge.

Action by Belmont S. Shields against Town of Leesville.

There was judgment for defendant and plaintiff appealed.

Case remanded to complete record or make citation of appeal.

Ferguson & Newman, of Leesville, attorneys for plaintiff, appellant.

A. B. Cavanaugh, of Leesville, attorney for defendant, appellee.

ELLIOTT, J. Suit contesting the election of a parish printer, on the ground that he was not elected within the time provided by the law. Act 141 of 1912, Section 22, (Amd. Act 134 of 1920).

The Town of Leesville, appellee, moves the dismissal of this appeal on the ground that no citation of appeal has issued and that no citation, petition or order of appeal has been served on appellee.

Appellant by his counsel, answering the motion, alleges that he personally knows that there was a citation and that service of the petition and citation was made. That the omission of the documents from the record was unknown to him or his client for the reason that they had no opportunity to view the record before the morning on which the motion to dismiss was filed. That the missing documents can be secured if appellant be given an opportunity to do so and placed in the record.

Appellant prays for permission and opportunity to complete the record.

The answer to the motion is not verified in any way, but it is signed by counsel. The record shows that an appeal was taken by the plaintiff and appellant and citation prayed for. There is an order granting the appeal, but it does not appear that any citation issued and, of course, there is no return showing service.

As plaintiff's counsel alleges that he personally knows that there was a citation and service and as citation and service is prayed for, we will remand the case in order that the record if, in fact, incomplete, may be completed and the completed record returned into this court at Lake Charles on or before May 14, 1924. If citation was not, in fact, issued and served on appellee, as declared in the answer to the motion, the case is remanded in order that citation of appeal may be served or prayed for.